2014 VT 3

## Edward Wesolow v. Town of Lowell

[90 A.3d 898]

No. 13-291

Present: **Reiber, C.J., Skoglund, Robinson and Crawford, JJ., and Morse, J. (Ret.), Specially Assigned**

Opinion Filed January 14, 2014

*Paul S. Gillies* of *Tarrant, Gillies, Merriman & Richardson*, Montpelier, for Plaintiff-Appellee.

*Richard H. Saudek* of *Cheney Saudek & Grayck PC*, Montpelier, for Defendant-Appellant.

¶ 1. **Robinson, J.** This case raises the question of whether 17 V.S.A. § 2661 permits a petition for reconsideration of an article "passed over" by vote of town residents at town meeting. The trial court concluded that it does. We affirm.

¶ 2. The facts are not in dispute. Plaintiff Edward Wesolow was among the signers of a petition to place two articles on the

warning for the Town of Lowell's 2012 annual meeting. One of those articles was an advisory article expressing opposition to a wind power development in town. The Lowell selectboard warned the article, designated "Article 8," and the article was duly introduced at the town meeting. After a motion to accept the article, and a second, but before any discussion, a motion was made to pass over the article. That motion to pass over the article passed on a voice vote, and the article was not discussed further at the meeting.

¶ 3. Pursuant to 17 V.S.A. § 2661, and within thirty days of that vote, a group of petitioners, including plaintiff, filed a new petition requesting reconsideration of the passed-over article. That petition had the required number of legal signatures. The selectboard declined to call a special meeting on the ground that the article was not actually considered at the March 2012 town meeting because it had been passed over. Because the article was never considered, and no action was taken, the selectboard reasoned, it was not subject to reconsideration.

¶ 4. Plaintiff filed suit and a motion for summary judgment, and the Town filed a cross-motion for summary judgment. The trial court sided with plaintiff, reasoning that the practical effect of the motion to pass over the article was substantially similar to denying the article, and that reconsideration was therefore appropriately available to plaintiff. The Town appealed.

¶ 5. We review the court's summary decision de novo, applying the same standard as the trial court. *Sabia v. Neville*, 165 Vt. 515, 523, 687 A.2d 469, 474 (1996). Summary judgment is appropriate when there are no genuine issues of material fact, and any party is entitled to judgment as a matter of law. V.R.C.P. 56(a).

¶ 6. The statutory provision at the center of this dispute reads, in relevant part, as follows:

> If a petition requesting reconsideration or rescission of a question considered or voted on at a previous annual or special meeting is filed with the clerk of the municipality within 30 days following the date of that meeting, the legislative body shall provide for a vote by the municipality in accordance with the petition within 60 days of the submission at an annual or special meeting duly warned for that purpose.

17 V.S.A. § 2661(b).

¶ 7. The sole question in this case is whether, for the purposes of this provision, Article 8 was "considered or voted on" at the March 2012 town meeting such that a petition for reconsideration of the question was appropriate. In answering this question, we first consider the effect of the successful motion to pass over the article in this case. The motion to pass over a matter has apparently been long entrenched in Vermont town meeting practice. See, e.g., *Livingston v. Town of Albany*, 40 Vt. 666 (1867) (considering effect of successful motion to pass over an article); *Stevens v. Kent*, 26 Vt. 503, 505 (1854) (noting a vote at a school district meeting to pass over several warned articles); *Town of Charleston v. Allen*, 6 Vt. 633, 640 (1834) (noting a vote of the inhabitants of a town to pass over an article in an 1825 meeting).

¶ 8. In *Livingston*, this Court considered the effect of a motion to pass over. In response to President Lincoln's call for 500,000 soldiers to serve in the Civil War, and to the Town of Albany's quota of sixteen men, the inhabitants of the town met in 1864 to consider several duly warned articles. 40 Vt. at 666. One article, that passed, authorized the town to raise money to pay bounties to soldiers who enlisted to help meet the town's quota. A second article authorized the town to pay bounties to re-enlisted soldiers who had not been paid bounties. At the meeting, the voters passed over that second article. Plaintiff, who had re-enlisted and had not been paid a bounty, sought a bounty on the basis that he was covered by the article that actually passed. In rejecting the soldier's argument this Court explained as follows:

> The language of the warning, we think, leaves no doubt that the selectmen, by the [second] article, intended to submit, and did submit to the town, the question whether the town would vote and pay bounties to soldiers who had previous to that time re-enlisted to the credit of the defendant, and had not been paid bounties. . . . The records of that meeting show that the town voted to pass over the [second] article in the warning. The vote to pass over this article, though not strictly parliamentary, may be the judgment of the town upon the merits of the question, as fully obtained as if the motion and vote had been to dismiss the article. We assume, in the absence of any evidence, to the contrary, that the town, by its vote under the [second] article, decided not to pay bounties to soldiers who had re-enlisted to the defendant's credit, or,

in other words, the town, by that vote, declined to pay bounties to this class of soldiers. . . . Under such circumstances it would not be a fair construction of the votes of the town, to say that the town dismissed the [second] article in the warning, for the reason that any other vote under it was rendered unnecessary by the vote under the [first] article; clearly not when it appears that the vote under the [first] article made no express provision for paying bounties to re-enlisted soldiers. By the [second] article the question of paying bounties to this class of soldiers was brought expressly before the meeting. The vote under this article denied the plaintiff a bounty, and we are not aware of any rule of interpretation or construction, which would authorize an inference from the vote under the [first] article that the defendant intended by that vote to pay a bounty which the town by its vote under the [second] article expressly refused.

*Id.* at 670-71.

¶ 9. Although the *Livingston* case did not involve a petition to reconsider, the Court's analysis of the effect of the motion to pass over an article in a different context is instructive here for several reasons. The Court did not rest its analysis on the intricacies of parliamentary procedure. Instead, it looked at the actual effect of the vote to pass over the article in that case, concluding that the pass-over vote was tantamount to a dismissal of the article on the merits. *Id.* It specifically noted the absence of any evidence suggesting a contrary understanding of the vote to pass over the question — such as evidence that the voters passed over the article because they concluded that it was subsumed within the previous article that passed. Compare *id.*, with *Eddy v. Town of Landgrove*, 44 Vt. 465, 468 (1872) (concluding that passing over article regarding town's course for raising soldiers town was then called upon to furnish indicated voters' intent to rely upon bounty advanced in alternate article).

¶ 10. ▉ In this case, there is no evidence that the purpose was to defer consideration of the question until later in the meeting, or until a specified date or event. There is no evidence to suggest that the article was passed over as redundant by virtue of the passage of some prior article. It is apparent from the record that the effect of the motion to pass over Article 8 was to effectively

dismiss the article without further debate. Although as a procedural matter the dismissal did not purport to be "on the merits," the voters' action effectively rejected the article.

¶ 11. ■ ■ Section 2661 was designed to enable the voters of a town, upon securing the necessary signatures, to secure a vote to reconsider a matter previously acted upon by the voters. The goals of the statute would be frustrated by an interpretation that suggested that the right of voters to petition for reconsideration of a question turns on the parliamentary procedure by which the question was defeated in the first instance. See *Bethel v. Mount Anthony Union High Sch. Dist.*, 173 Vt. 633, 635, 795 A.2d 1215, 1218 (2002) (mem.) ("We construe a statute consistent with its purpose, subject matter, effects and consequences, and the reason and spirit of the law."). Article 8 was duly warned and brought before the voters at a town meeting. The voters took action to effectively dismiss the article without further debate. We conclude on the record of this case that the voters' action in passing over Article 8 amounted to consideration of or a vote on the article for the purposes of the applicability of 17 V.S.A. § 2661.[*] Accordingly, the petition for reconsideration pursuant to § 2661 was appropriate, and the trial court appropriately awarded summary judgment to plaintiff. We therefore order the Town to provide for a vote on Article 8 in accordance with 17 V.S.A. § 2661.

*Affirmed.*

---

[*] Vermont law requires that Robert's Rules, or some other rules of order, govern all municipal meetings. 17 V.S.A. § 2658. We infer from the briefing that the Town of Lowell follows Robert's Rules. Because a motion to pass over an article is not recognized in Robert's Rules, both parties parse Robert's Rules in an effort to identify the most closely analogous motion, and then argue about the significance of the competing analogous motions. While Robert's Rules may be relevant to our understanding of the effect of a particular motion, they are not necessarily dispositive. Our holding in this case turns on our understanding of the intent of § 2661 and the practical effect of the motion to pass over in this case.