2014 VT 3



Wesolow
v. Town of Lowell (2013-291)

 

2014 VT 3

 

[Filed 14-Jan-2013]

 

NOTICE:  This opinion is
subject to motions for reargument under V.R.A.P. 40 as well as formal revision
before publication in the Vermont Reports.  Readers are requested to
notify the Reporter of Decisions by email at: JUD.Reporter@state.vt.us or by
mail at: Vermont Supreme Court, 109 State Street, Montpelier, Vermont
05609-0801, of any errors in order that corrections may be made before this
opinion goes to press.

 

 


 2014 VT 3
 
  


 No. 2013-291
 
  


 Edward Wesolow
 
 
 Supreme Court
 
 
  
 
 
  
 
 
  
 
 
 On Appeal from
 
 
      v.
 
 
 Superior Court, Orleans Unit,
 
 
  
 
 
 Civil Division
 
 
  
 
 
  
 
 
 Town of Lowell
 
 
 January Term, 2014
 
 
  
 
 
  
 
 
  
 
 
  
 
 
 Howard
 E. Van Benthuysen, J.
 
 
  
 
 Paul S. Gillies of Tarrant, Gillies,
Merriman & Richardson, Montpelier, for Plaintiff-Appellee.

 

Richard H. Saudek of Cheney Saudek & Grayck PC,
Montpelier, for Defendant-Appellant.

 

 

PRESENT:   Reiber, C.J., Skoglund,
Robinson and Crawford, JJ., and Morse, J. (Ret.),

                    
Specially Assigned

 

 

¶ 1.            
ROBINSON, J.   This case raises the question of whether
17 V.S.A. § 2661 permits a petition for reconsideration of an article
“passed over” by vote of town residents at town meeting.  The trial court
concluded that it does.  We affirm.

¶ 2.            
The facts are not in dispute.  Plaintiff Edward Wesolow
was among the signers of a petition to place two articles on the warning for
the Town of Lowell’s 2012 annual meeting.  One of those articles was an
advisory article expressing opposition to a wind power development in
town.  The Lowell selectboard warned the
article, designated “Article 8,” and the article was duly introduced at the
town meeting.  After a motion to accept the article, and a second, but
before any discussion, a motion was made to pass over the article.  That
motion to pass over the article passed on a voice vote, and the article was not
discussed further at the meeting.

¶ 3.            
Pursuant to 17 V.S.A. § 2661, and within thirty days of that vote,
a group of petitioners, including plaintiff, filed a new petition requesting
reconsideration of the passed-over article.  That petition had the
required number of legal signatures.  The selectboard
declined to call a special meeting on the ground that the article was not
actually considered at the March 2012 town meeting because it had been passed
over.  Because the article was never considered, and no action was taken,
the selectboard reasoned, it was not subject to reconsideration.

¶ 4.            
Plaintiff filed suit and a motion for summary judgment, and the Town
filed a cross-motion for summary judgment.  The trial court sided with
plaintiff, reasoning that the practical effect of the motion to pass over the
article was substantially similar to denying the article, and that
reconsideration was therefore appropriately available to plaintiff.  The
Town appealed.

¶ 5.            
We review the court’s summary decision de novo, applying the same
standard as the trial court.  Sabia v. Neville, 165 Vt. 515, 523, 687 A.2d 469, 474 (1996).
 Summary judgment is appropriate when there are no genuine issues of
material fact, and any party is entitled to judgment as a matter of law.  V.R.C.P. 56(a).

¶ 6.            
The statutory provision at the center of this dispute reads, in relevant
part, as follows:  

 
If a petition requesting reconsideration or rescission of a question considered
or voted on at a previous annual or special meeting is filed with the clerk of
the municipality within 30 days following the date of that meeting, the
legislative body shall provide for a vote by the municipality in accordance
with the petition within 60 days of the submission at an annual or special
meeting duly warned for that purpose.

 

17 V.S.A. § 2661(b).

 

¶ 7.            
The sole question in this case is whether, for the purposes of this
provision, Article 8 was “considered or voted on” at the March 2012 town
meeting such that a petition for reconsideration of the question was
appropriate.  In answering this question, we first consider the effect of
the successful motion to pass over the article in this case.  The motion
to pass over a matter has apparently been long entrenched in Vermont town
meeting practice.  See, e.g., Livingston v. Town of Albany, 40 Vt.
666 (1867) (considering effect of successful motion to pass over an article); Stevens
v. Kent, 26 Vt. 503, 505 (1854) (noting a vote at a school district meeting
to pass over several warned articles); Town of Charleston v. Allen, 6
Vt. 633, 640 (1834) (noting a vote of the inhabitants of a town to pass over an
article in an 1825 meeting).  

¶ 8.            
In Livingston, this Court considered the effect of a motion to pass
over.  In response to President Lincoln’s call for 500,000 soldiers to
serve in the Civil War, and to the Town of Albany’s quota of sixteen men, the
inhabitants of the town met in 1864 to consider several duly warned
articles.  40 Vt. at 666.  One article, that
passed, authorized the town to raise money to pay bounties to soldiers who
enlisted to help meet the town’s quota.  A second article authorized the
town to pay bounties to re-enlisted soldiers who had not been paid
bounties.  At the meeting, the voters passed over that second
article.  Plaintiff, who had re-enlisted and had not been paid a bounty,
sought a bounty on the basis that he was covered by the article that actually
passed.  In rejecting the soldier’s argument this Court explained as follows:

  The language of the warning, we
think, leaves no doubt that the selectmen, by the [second] article, intended to
submit, and did submit to the town, the question whether the town would vote
and pay bounties to soldiers who had previous to that time re-enlisted to the
credit of the defendant, and had not been paid
bounties. . . . The records of that meeting show that the
town voted to pass over the [second] article in the warning.  The vote to
pass over this article, though not strictly parliamentary, may be the judgment
of the town upon the merits of the question, as fully obtained as if the motion
and vote had been to dismiss the article.  We assume, in the absence of
any evidence, to the contrary, that the town, by its vote under the [second] article,
decided not to pay bounties to soldiers who had re-enlisted to the defendant’s
credit, or, in other words, the town, by that vote, declined to pay bounties to
this class of soldiers. . . . Under such circumstances it
would not be a fair construction of the votes of the town, to say that the town
dismissed the [second] article in the warning, for the reason that any other
vote under it was rendered unnecessary by the vote under the [first] article;
clearly not when it appears that the vote under the [first] article made no
express provision for paying bounties to re-enlisted soldiers.  By the
[second] article the question of paying bounties to this class of soldiers was
brought expressly before the meeting.  The vote under this article denied
the plaintiff a bounty, and we are not aware of any rule of interpretation or
construction, which would authorize an inference from the vote under the
[first] article that the defendant intended by that vote to pay a bounty which
the town by its vote under the [second] article expressly refused.

 

Id.
at 670-671.

 

¶ 9.            
Although the Livingston case did not involve a petition to
reconsider, the Court’s analysis of the effect of the motion to pass over an article
in a different context is instructive here for several reasons.  The Court
did not rest its analysis on the intricacies of parliamentary procedure. 
Instead, it looked at the actual effect of the vote to pass over the article in
that case, concluding that the pass-over vote was tantamount to a dismissal of
the article on the merits.  Id.  It specifically noted the
absence of any evidence suggesting a contrary understanding of the vote to pass
over the question—such as evidence that the voters passed over the article
because they concluded that it was subsumed within the previous article that
passed.  Compare id., with Eddy v. Town of Landgrove,
44 Vt. 465, 468 (1872) (concluding that passing over article regarding town’s
course for raising soldiers town was then called upon to furnish indicated
voters’ intent to rely upon bounty advanced in alternate article). 

¶ 10.         In
this case, there is no evidence that the purpose was to defer consideration of
the question until later in the meeting, or until a specified date or
event.  There is no evidence to suggest that the article was passed over
as redundant by virtue of the passage of some prior article.  It is
apparent from the record that the effect of the motion to pass over Article 8 was
to effectively dismiss the article without further debate.  Although as a
procedural matter the dismissal did not purport to be “on the merits,” the
voters’ action effectively rejected the article.

¶ 11.         Section
2661 was designed to enable the voters of a town, upon securing the necessary
signatures, to secure a vote to reconsider a matter previously acted upon by
the voters.  The goals of the statute would be frustrated by an
interpretation that suggested that the right of voters to petition for reconsideration
of a question turns on the parliamentary procedure by which the question was
defeated in the first instance.  See Bethel v. Mount Anthony Union High
Sch. Dist., 173 Vt. 633, 635, 795 A.2d 1215, 1218
(2002) (mem.) (“We construe a statute consistent with
its purpose, subject matter, effects and consequences, and the reason and
spirit of the law.”)  Article 8 was duly warned and brought before the
voters at a town meeting.  The voters took action to effectively dismiss
the article without further debate.  We conclude on the record of this
case that the voters’ action in passing over Article 8 amounted to
consideration of or a vote on the article for the purposes of the applicability
of 17 V.S.A. § 2661.[*] 
Accordingly, the petition for reconsideration pursuant to § 2661 was
appropriate, and the trial court appropriately awarded summary judgment to
plaintiff.  We therefore order the Town to provide for a vote on Article 8
in accordance with 17 V.S.A. § 2661.

Affirmed. 


  
 
 
  
 
 
 FOR THE COURT:
 
 
  
 
 
  
 
 
  
 
 
  
 
 
  
 
 
  
 
 
  
 
 
  
 
 
  
 
 
  
 
 
  
 
 
 Associate
 Justice
 
  











[*]  Vermont law requires that Robert’s
Rules, or some other rules of order, govern all municipal meetings.  17 V.S.A. § 2658.  We infer from the briefing that
the Town of Lowell follows Robert’s Rules.  Because a motion to pass over
an article is not recognized in Robert’s Rules, both parties parse Robert’s
Rules in an effort to identify the most closely analogous motion, and then
argue about the significance of the competing analogous motions.  While
Robert’s Rules may be relevant to our understanding of the effect of a
particular motion, they are not necessarily dispositive.  Our holding in
this case turns on our understanding of the intent of § 2661 and the
practical effect of the motion to pass over in this case.